UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUDREV SINGH,

Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,

Defendants.

No. 2:26-cv-1848 DJC AC PS

FINDINGS AND RECOMMENDATIONS

Plaintiff paid the filing fee and is proceeding pro se; pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Defendants filed a motion to dismiss. ECF No. 7. Plaintiff filed a "motion for adjustment of status" which is construed as an opposition to the motion (ECF No. 9), along with a supplement (ECF No. 10). Having considered all of the briefing in full, the undersigned recommends that defendants' motion to dismiss (ECF No. 7) be GRANTED.

## I. Background

### A. The Complaint

Plaintiff asks the court to issue a writ of mandamus compelling USCIS to promptly adjudicate his application for adjustment of status. ECF No. 1 at 6. Plaintiff submitted an I-485, Application to Register Permanent Residence of Adjust Status, on November 18, 2025, after he

was granted asylum. Id. at 7. As of the date he filed the complaint, May 18, 2026, he had not received a decision on his application. Id. at 5.

A. Dismissal is Appropriate Because the Delay is Not Unreasonable

While the court is sensitive to the hardship experienced by plaintiff, dismissal is appropriate because it is clear from the face of the complaint that there has not, to date, been a violation of the Administrative Procedures Act.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Such a motion may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must present factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 (2007). Specifically, the factual allegations must suffice to state a claim that is "plausible on its face," that is, "plausibly suggesting (not merely consistent with)" a right to relief. Id. at 557, 570.

With respect to cases alleging unreasonable delay in processing immigration applications, courts in the Ninth Circuit apply a six-factor test for determining when an agency delay is unreasonable. These are known as "the 'TRAC factors,' which are named after the case in which they originated, Telecommunications Research & Action v. FCC (TRAC), 750 F.2d 70, 80 (D.C. Cir. 1984)." Khan v. Johnson, 65 F. Supp. 3d 918, 928 (C.D. Cal. 2014). The six factors that the court must balance are:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

Id. at 928.

1. First Factor: Rule of Reason

The first TRAC factor requires that the time an agency takes to make a decision be guided by a "rule of reason." Brower v. Evans, 257 F.3d 1058, 1068 (9th Cir. 2001). Defendants state that employment-based immigration applications such as the applications at issue here are decided in the order they are received. ECF No. 7 at 5. "A first-in, first-out (FIFO) procedure for processing applications can constitute a rule of reason." Varniab v. Edlow, No. 25-CV-10602-SVK, 2026 WL 485490, at *13 (N.D. Cal. Feb. 20, 2026). Plaintiff put his application in the queue less than a year ago, on November 19, 2025. ECF No. 1 at 5. Defendants correctly note that several courts in the Ninth Circuit have concluded that delays under four years in adjudication of status adjustments are not unreasonable. ECF No. 7 at 6; Taiebat v. Scialabba, No. 17-cv-0805-PJH, 2017 WL 747460, at *4 (N.D. Cal. Feb. 27, 2017) (delay less than two years not unreasonable; Islam v. Heinauer, No. 10-cv-04222-JSW, 2011 WL 2066661, at *8 (N.D. Cal. May 25, 2011) (3-year delay not yet unreasonable)); Siram v. Edlow, No. 25-cv-2565-KKE, 2026 WL 2240942, at *2 (W.D. Wash. Aug. 4, 2026) (16 month delay not unreasonable); but see Qureshi v. Napolitano, No. C-11-05814-YGR, 2012 WL 2503828, at *4 (N.D. Cal. June 28, 2012) (five year delay is unreasonable). The court finds that this factor favors defendants; the FIFO processing method is a reasonable one, and plaintiff's application is still well within the generally accepted processing time.

2. Second Factor: Statutory Timetable

"The lack of a specific timetable does not mean that USCIS can take an infinite amount of time to process Plaintiff's adjustment of status application." Kashkool v. Chertoff, 553 F. Supp. 2d 1131, 1144 (D. Ariz. 2008). "Congress sets a normative expectation and standard in 'The Immigration Services and Infrastructure Improvements Act of 2000 Immigration Services and Infrastructure Improvements Act of 2000' of a reasonable processing time for an immigrant

benefit application as no more than 180 days after initial application." Liu, 2007 WL 2435157, * 9 (citing 8 U.S.C. § 1571 which provides "It is the sense of Congress that the processing of an immigrant benefit application should be completed not later than 180 days after the initial filing of the application...."). See also, Konchitsky v. Chertoff, 2007 WL 2070325, * 4 (N.D.Cal.2007) (citing 8 U.S.C. § 1571); Abbasfar v. Chertoff, No. C07–1155–PVT, 2007 WL 2409538, * 3 (N.C.Cal.2007) ("8 U.S.C. § 1571 provides a meaningful standard for the pace of adjudication of adjustment of status applications."). Congress also requires the Attorney General to "take such measures as may be necessary to ... reduce the backlog in the processing of immigration benefit applications, with the objective of the total elimination of the backlog not later than one year after the enactment of this Act." 8 U.S.C. § 1573.11. Plaintiff's application has now been pending for approximately 11 months, longer than the 180–day standard set forth in 8 U.S.C. § 1571(b). ECF No. 1 at 5. This factor favors plaintiff.

3. Third and Fifth TRAC Factors

"The third and fifth TRAC factors overlap and are often addressed together." Varnib, 2026 WL 485490, at *13. In general, delay in processing immigration status change applications affect health and welfare interests. Id. The ability to obtain permanent resident status, by way of Form I-485 applications "affects a wide range of important rights, including but not limited to travel and the ability [to] petition to immigrate close family members" and also impacts such applicants' "ability to seek United States citizenship and all the rights and privileges attendant thereto." Singh v. Still, 470 F. Supp. 2d 1064, 1069 (N.D. Cal. 2007). Such prejudice is "substantial." Id. at 1071. However, some courts in this district have found this factor favors defendants unless plaintiffs can show greater harm than the "general harm experienced by all [ ] applicants." Kullab v. U.S. Dep't of Homeland Security, No. 24-cv-04140-WHO, 2025 WL 901943, at *7 (N.D. Cal. Mar. 25, 2025).

Here, plaintiff asserts he is facing the loss of his Commercial Driver's License, which means that he has been unable to continue operating his truck, placing a tremendous financial burden on his family. ECF No. 9 at 1. Plaintiff's truck is financed, so he must continue making monthly payments even though he cannot generate income. Id. Plaintiff states that he has

invested in his trucking career and is working to build a stable future in the United States, but he cannot do so without the timely consideration of his immigration application. Id. at 2. While any delay is understandably frustrating, the undersigned finds that plaintiff has not identified harm beyond the general harm experienced by all applicants facing processing delays. This factor therefore weighs in favor of defendants.

4. Fourth Factor: Effect of Expediting Delayed Action

Under the fourth TRAC factor, "the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority." TRAC, 750 F.2d at 80. This factor considers "whether compelling the agency to act would detract from its higher or competing priorities." Vaz, 33 F.4th at 1138. Under this factor, courts have "refused to grant relief, even though all the other factors considered in TRAC favored it, where a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain." Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1102 (D.C. Cir. 2003) (cleaned up). Here, defendants have submitted that applications are processed on a FIFO basis, and there is no indication that expediting plaintiffs' applications would do anything other than move them to the front of the line, while moving others one step back. This is particularly true considering the relatively short delay plaintiff has experienced. This factor favors defendants.

5. Sixth Factor: Bad Faith

The final TRAC factor focuses "not on the delay itself, but whether the reason behind the delay is improper (e.g., intentional, motivated by animus.)" Infracost Inc. v. Blinken, 732 F. Supp. 3d 1240, 1257 (S.D. Cal. 2024) (citation omitted). Failure to demonstrate bad faith does not weigh against plaintiffs but instead weights neutrally. Id. Here plaintiff does not allege bad faith. Accordingly, the undersigned finds this factor weighs neutrally.

6. Balancing of Factors

On balance, the TRAC factors favor dismissal because they compel a finding as a matter of law that plaintiff has not suffered a delay that constitutes a violation of the Administrative Procedures Act. This finding does *not* mean that plaintiff will never be able to make such a

showing. In dismissing cases for insufficient delay under the TRAC factors, courts in this district have explained that while a delay might be reasonable at a given point in time, there may come a point where continued delay becomes unreasonable. Islam v. Heinauer, 32 F. Supp. 3d 1063, 1070–71 (N.D. Cal. 2014). For that reason, the court recommends dismissing this case without prejudice.

## II. Leave to Amend Is Not Appropriate

Leave to amend is not appropriate in this case. Ordinarily, pro se litigants are granted liberal leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Here, given the defects described above, the undersigned finds that leave to amend would be futile and should therefore not be granted.

## III. Pro Se Plaintiffs' Summary

The Magistrate Judge is recommending that your case be dismissed because the delay in processing your status adjustment applications has not been legally unreasonable at this time. It is recommended that dismissal be without prejudice. If you disagree with his recommendation, you may file objections within 21 days. The District Judge will make the final decision.

## IV. Conclusion

Accordingly, the undersigned recommends that defendants' motion to dismiss (ECF No. 7) be GRANTED and that this case be dismissed without prejudice. Plaintiff's "Motion for Adjustment of Status" (ECF No. 9), which is construed as an opposition to the motion to dismiss, should be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez

v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 22, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE